UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SHAWN MOORE, *pro se*,  :
: **<u>SUMMARY ORDER</u>**
Plaintiff,  : 15-CV-4972 (DLI)(LB)
:
-against-  :
:
SUSAN MORRIS and LEGAL AID SOCIETY,  :
:
Defendants.  :
:
------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

On August 20, 2015, *pro se* plaintiff Shawn Moore ("Plaintiff"), currently incarcerated at the Anna M. Kross Center on Rikers Island, brought this civil rights action against the Legal Aid Society and one of its attorney practitioners. (*See* Compl., Docket Entry No. 1.) Plaintiff's application to proceed *in forma pauperis* is granted solely for purposes of this Order. (*See* Docket Entry No. 2.) For the reasons stated below, the Complaint is dismissed.

## BACKGROUND

On March 12, 2015, Plaintiff was arraigned on first degree robbery charges in Kings County Criminal Court in Brooklyn, New York. (Compl. at 4.) Defendant Susan Morris, Esq., of the Legal Aid Society, which is also named as a defendant in this action, was assigned by the court to represent Plaintiff. (*Id.*) According to Plaintiff, Ms. Morris, "never gave [him] waiver of immunity" or "notified [him] of [his] rights to preliminary hearing to testify on [his own] behalf at grand jury proceedings." (*Id.*) Furthermore, Plaintiff allegedly never received any notice of the March 17, 2015 grand jury proceedings that preceded his indictment on April 7, 2015. (*Id.*) As such, Plaintiff purportedly requested a reassignment of counsel, and, on May 5, 2015, filed a complaint against Ms. Morris with the Grievance Committee for the New York

Appellate Division, Second Department. (*See id.* with Ex. A to the Compl.) Thereafter, Plaintiff filed the instant action, alleging that his attorney's deficient assistance deprived him of his rights under the Fourth, Fifth, Sixth, and Fourteenth Amendments, and caused him "stress[,] mental anguish [and] loss of loved one." (*Id.*) Plaintiff seeks $3 million in compensatory damages. (*Id.* at 5.) For the reasons set forth below, this action is dismissed.

## DISCUSSION

### I. Standard of Review

In reviewing the Complaint, the Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). However, 28 U.S.C. § 1915(e)(2)(B) requires a district court to dismiss a case if the court determines that the action: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### II. Section 1983

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 ("§ 1983"), which permits a civil recovery for Constitutional violations occurring under color of state law. To state a claim under § 1983, a plaintiff must allege (i) that the challenged conduct was "committed by a person acting under color of state law," and (ii) that such conduct "deprived [the plaintiff] of rights, privileges,

or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan,* 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk,* 132 S.Ct. 1497, 1501-02 (2012). As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

Here, Plaintiff's § 1983 claim against his assigned attorney fails as a matter of law, as it is well established that a public defender does not become a state actor by virtue of his or her appointment by the court to represent a defendant in a state criminal proceeding. *See Polk County v. Dodson,* 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."); *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983."). Plaintiff's § 1983 claim against the Legal Aid Society similarly fails as a matter of law. *See Schnabel v. Abramson,* 232 F.3d 83, 86-87 (2d Cir. 2000) ("[A] legal aid society ordinarily is not a state actor amenable to suit under § 1983."); *Brown v. Legal Aid Soc.,* 367 F. App'x 215, 216 (2d Cir. 2010) (citing *Rodriguez* and affirming dismissal of § 1983 case against Legal Aid Society); *see also Neustein v. Orbach,* 732 F. Supp. 333, 336 n.3, 345 (E.D.N.Y. 1990) (Legal Aid Society "is a private not for profit legal services corporation . . . organized under the laws of New York [that] exists independent of any state or local regulatory authority.")

Accordingly, this action must be dismissed for failure to state a claim because Plaintiff does not allege any conduct attributable to the State that would fall within the intended ambit of § 1983. Ordinarily a court should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco*, 222 F. 3d at 112. However, a court need not grant leave to amend where, as here, "amendment would be futile." *Fulton v. Goord*, 591 F.3d 37, 45 (2d Cir. 2009). As Plaintiff cannot plead a claim for relief that is plausible on its face, leave to replead is denied. *See Cuoco*, 222 F.3d at 112 (denying leave to amend a *pro se* complaint where amendment would be futile).

## **CONCLUSION**

For the foregoing reasons, this action is dismissed in its entirety, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 23, 2015

/s/
DORA L. IRIZARRY
United States District Judge